**Donna SHAFFER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (AVON PRODUCTS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 3, 1997.

Decided April 22, 1997.

Brian K. Zellner, Lancaster, for petitioner.

Daniel T. Lewbart, Philadelphia, for respondent.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Donna Shaffer (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a Workers' Compensation Judge's (WCJ) order denying Claimant's Penalty Petition, brought against Avon Products, Inc. (Employer) for late payment of Claimant's medical bills. This case presents the question of whether Section 306(f.1)(2) of the Workers' Compensation Act,[1] as amended in 1993,[2] can be applied to medical bills which were already reduced to judgment by a WCJ's order. Section 306(f.1)(2) provides, in relevant part:

> Any provider who treats an injured employee shall be required to file periodic reports with the employer on a form prescribed by the department which shall include where pertinent, history, diagnosis, treatment, prognosis and physical findings. The report shall be filed within ten days of commencing treatment and at least once a month thereafter, as long as treatment continues. The employer shall not be liable to pay for such treatment until a report has been filed.

77 P.S. § 531(2).

The facts are as follows. On July 31, 1987, Claimant was injured in the course of her employment when she tried to lift her suitcase from the floor to the bed at a hotel where she was attending a conference. This injury was the subject of several hearings and some negotiations and, on January 13, 1992, the WCJ approved a Commutation Petition that provided, *inter alia*, that Employer would pay Claimant's ongoing medical bills for post traumatic stress treatment and various modes of temporomandibular joint therapy.

A dispute arose between Claimant and Employer regarding the payment of those bills and Claimant filed a Penalty Petition which was heard before a WCJ on February

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(2).

2. Act of July 2, 1993, P.L. 190, No.44. Commonly referred to as "Act 44," effective generally on August 31, 1993.

2, 1994. The WCJ granted Claimant's Penalty Petition and ordered Employer to pay the work-related medical bills. The relevant portions of the WCJ's opinion and order reads:

7. Between January 13, 1992, and continuing through the present, Claimant has repeatedly submitted all of the aforementioned medical expenses to Defendant.

| | |
|---|---|
| Dental Health Associates | $ 555.00 |
| Mary Louise Marley | $ 420.00 |
| R.S. Mathews, M.D. | $ 241.00 |
| Stephen S. Perry, D.D. | $ 15.00 |
| R.W. Niklaus, D.M.D. | $ 5,708.00 |
| Prescriptions | $ 76.88 |

10. Claimant is still being treated by the aforementioned Mary Louise Marley for her pain management and the aforementioned R.W. Niklaus, D.M.D., for her temporomandibular joint disorders. Those bills are, therefore, ongoing.

11. As of April 8, 1993, Claimant has incurred $552.00 in mileage expenses related to her medical treatment, all of which has been unpaid by Defendant. The mileage expenses relative to claimant's treatment by Ms. Marley and by Dr. Niklaus are ongoing.

. . . .

13. As of Aug. 25, 1993, Claimant has incurred $1,962.80 in attorney's fees generated by the instant Petition.

14. All of Claimant's above-mentioned medical expenses, costs, and attorney's fees are reasonable, necessary, and related to her original injury of July 31, 1987.

. . . .

### ORDER

The [Penalty] Petition is GRANTED and the Claimant is awarded past medical expenses on an ongoing basis related to the work injury medical costs. . . .

(WCJ Order 2/8/94; R.R. at 6(a), referred to here as the "first order.") Employer did not appeal the first order.

8. Defendant has paid some of the bills in question and has refused to pay others. With some of the providers in question, Defendant has paid part of the bills and has left other parts of the bills unpaid.

9. As of June 2, 1993, the unpaid balances billed to the Claimant by the medical providers named in paragraph 6 above are as follows:

Initially however, Employer did not pay the medical bills that were the subject of the first order. Instead, Employer demanded that Claimant submit medical reports documenting her diagnosis and treatment before it would pay, arguing that Section 306(f.1)(2) of Act 44 made its obligation to pay the bills contingent upon Claimant submitting medical reports documenting her diagnosis and treatment.

Eventually, Employer did pay all of Claimant's medical bills, albeit in a piecemeal fashion that stretched over eleven months. Due to the delay in payment, Claimant filed a second Penalty Petition seeking penalties on account of Employer's failure to timely pay Claimant's medical bills as required by the first order.

On August 22, 1995, the WCJ denied Claimant's second Petition concluding:

2. Claimant has failed to sustain her burden of proving that Defendant violated the Act. Claimant has failed to send Defendant medical records and reports that substantiate Claimant's medical costs incurred which is required by § 306(f.1)(2) of the Act. . . .

(WCJ Order 8/22/96; R.R. at 10(a), referred to here as the "second order.") Claimant appealed the WCJ's second order to the Board. The Board affirmed the WCJ and Claimant appealed to this Court.[3]

**3.** The standard of review on appeal from the Workers' Compensation Appeal Board is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact were not supported by substantial evidence. *Russell v. Workmen's Compensation*

Before this Court, Claimant argues that the WCJ's first order conclusively established that the medical bills at issue were reasonable, necessary, and related to her work-injury and therefore, Employer's failure to promptly pay the bills was unreasonable, was a violation of the Act, and requires the imposition of sanctions.

Conversely, Employer argues that despite the WCJ's first order, it was not liable to pay for any medical bills until Claimant submitted medical reports as provided by Section 306(f.1)(2) of the Act. Since it is undisputed that Claimant did not submit the reports as required by the Act, Employer argues, the imposition of penalties is not proper.

### Act 44

■ Employer argues that Claimant is required to submit Section 306(f.1)(2) reports as a predicate to Employer's obligation to pay. We disagree. In this case, the bills at issue were the subject of a valid and unappealed order requiring Employer to pay them. Therefore, Employer was obligated to pay these bills within 30 days. *See* 77 P.S. Sections 921 and 951. This Employer failed to do. All of these bills were incurred between July 31, 1987 and June 2, 1993—prior to the effective date of Act 44, August 31, 1993. (WCJ Order 2/8/94 Finding of Fact 9.) Imposition of the requirements of Section 306(f.1)(2) on bills which were incurred prior to the enactment of the Act would be an impossibility, because Claimant and her providers could not have anticipated the record keeping requirements of Act 44 at the time treatment was provided. *See generally* 34 Pa.Code Sections 127.201–127.211. (proscrib-

ing certain billing practices, providing which forms providers may use, and requiring various reports to be filed.)

Moreover, Employer litigated the reasonableness and necessity of these bills before the WCJ. During that proceeding, Employer was entitled to subpoena Claimant's providers for the purpose of probing the reasonableness and necessity of the treatment provided to Claimant. Therefore, it would appear that Employer's request for Section 306(f.1)(2) reports *after* judgment was entered is, at best, merely repetitive. Employer cannot glean anything by the reports that it could not have obtained during litigation. Without a bona fide need for such reports, Employer's argument must fail because the purpose of the statutory provision in Section 306(f.1)(2) had already been fulfilled since the information Employer seeks was available to it during the litigation of Claimant's first penalty petition.

### Collateral Estoppel

■ Moreover, Employer's argument is barred by collateral estoppel. The doctrine of collateral estoppel, or issue preclusion, is a doctrine to prevent re-litigation of issues already determined in prior proceedings.[4] In *Griswold v. Workmen's Compensation Appeal Board (Thompson Maple Products),*[5] we set forth the four requirements needed to establish collateral estoppel:

The determination of an issue in a prior proceeding will be deemed conclusive between the parties in a subsequent proceeding if the following factors are met: 1) the issue decided in the prior case is identical to the one presented in the later case; 2)

*Appeal Board (Volkswagen of America),* 121 Pa. Cmwlth.436, 550 A.2d 1364 (1988).

**4.** In Pennsylvania, the doctrine of collateral estoppel is subsumed within the concept of res judicata. *McNeil v. Owens–Corning Fiberglas Corporation,* 545 Pa. 209, 680 A.2d 1145, 1147–48, n. 2 (1996).

　'Res judicata' means 'a thing adjudged' or a matter settled by judgment. Traditionally, American courts have used the term res judicata to indicate claim preclusion, i.e., the rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and consti-

tutes for them an absolute bar to a subsequent action involving the same claim, demand or cause of action.... This is distinguished from the traditional doctrine of collateral estoppel, or issue preclusion, which holds that when a particular issue has already been litigated, further action on the same issue is barred.... We have interpreted the 'modern doctrine of res judicata' as incorporating both claim preclusion, or traditional res judicata, and issue preclusion, or traditional collateral estoppel. (Citation omitted.)

**5.** 658 A.2d 449, 451 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 542 Pa. 651, 666 A.2d 1059 (1995).

there was a final judgment on the merits; 3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue; and 4) the determination in the prior proceedings was essential to the judgment.

*Griswold,* 658 A.2d at 451.

Section 306(f.1)(2) of the Act provides a mechanism by which Employer is to be kept informed about Claimant's diagnosis, and treatment. In this case, Employer relies on Section 306(f.1)(2) of the Act to assert that without the information contained in these reports, it could not be sure that the bills submitted by Claimant were related to her work injury. (Employer's Brief at 3.) Application of the four-part *Griswold* analysis to the facts of this case indicates that Employer's Section 306(f.1)(2) argument is an issue precluded by the first order of the WCJ.

Here, Claimant filed two penalty petitions seeking to force Employer to pay the **same set** of contested medical bills. Therefore, the issues decided in both cases are identical. Furthermore, the text of the WCJ's first order on February 8, 1994 indicated that the Claimant's bills were reasonable, necessary and related to Claimant's work injury. Since that order decided the merits of the issue, the February 8, 1994 order, constituted a judgment on the merits. Moreover, Employer was a party in both the prior case, and the case on appeal before us now and nothing in the record indicates that it was denied a full and fair opportunity to litigate its claim and the determination that Claimant's medical bills were related to her work injury which, of course, was essential to the judgment rendered by the WCJ.

Because all four elements necessary for the application of collateral estoppel are met, collateral estoppel bars Employer's argument that it could not determine whether Claimant's bills were related to her work injury without the § 306(f.1)(2) reports. Simply, the WCJ found as a fact that the bills were related to Claimant's work-injury and Employer never appealed the first order. Therefore, Employer is bound by that determination and any argument to the contrary will not be entertained now.

*Penalties*

The imposition of penalties is proper when an employer unilaterally ceases payment of medical expenses and fails to file a petition to review the reasonableness and/or necessity of those expenses. *Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station),* 144 Pa.Cmwlth.332, 601 A.2d 491 (1991). In this case, Employer unilaterally stopped paying Claimant's medical bills and did not file a petition for review and did not attempt to use the utilization review procedures set forth in Section 306(f.1) of the Act. Certainly penalties could have been awarded based on Employer's conduct, but the imposition of penalties is discretionary, *McKay v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.),* 654 A.2d 262 (Pa.Cmwlth.1995), and a violation of the Act does not, by itself, mandate the imposition of penalties. *Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 49 Pa.Cmwlth. 404, 410 A.2d 1325 (1980).

Because the application of Section 306(f.1)(2) to a situation such as these facts present has not been previously determined by this Court, we cannot conclude that the Board abused its discretion by affirming the WCJ's second order and declining to impose penalties.

Therefore, the order of the Board is affirmed.

*ORDER*

**AND NOW,** April 22, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.