**WESTINGHOUSE ELECTRIC CORPORATION,**
Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (WEAVER),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 20, 2002.
Decided Feb. 14, 2003.
Publication Ordered May 7, 2003.

Joseph A. Fricker, Jr., Pittsburgh, for petitioner.

Vincent J. Quatrini, Greensburg, for respondent.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Westinghouse Electric Corporation (Employer) petitions for review of an order of the Workers' Compensation Appeal Board which affirmed the Workers' Compensation Judge's (WCJ) decision granting a penalty petition filed by Mary Ann Weaver (Claimant).

In a decision circulated on June 28, 1996, a WCJ found that Claimant sustained a work-related injury on October 22, 1993 in the nature of a herniated disc in her cervical spine at C6–7 on the right and an aggravation of a preexisting nerve root compression due to an ostephyte in her cervical spine at C5–6. In addition, the WCJ found, based on the stipulations of the parties, that Claimant had incurred certain medical bills for reasonable and necessary treatment of the work-related injury. The medical expenses were to be repriced in accordance with the medical costs containment regulations and Employer was directed to reimburse Claim-

ant's medical insurer eighty percent of the repriced expenses with statutory interest.[1]

On October 16, 1997, Claimant filed a penalty petition alleging that Employer had failed to make any payment for the medical expenses which the WCJ had ordered Employer to pay in the June 28, 1996 decision. Employer filed an answer to the penalty petition denying the material allegations contained therein. Hearings before a WCJ ensued.

Based on the evidence presented, the WCJ found that Employer violated the Workers' Compensation Act (Act) by failing to timely pay certain medical bills. The WCJ found that Employer delayed in making payments for periods of up to four years after the June 28, 1996 decision and order. Accordingly, by decision circulated April 24, 2001, the WCJ granted Claimant's penalty petition and assessed ten and fifty percent penalties along with statutory interest according to the various violations.

Employer appealed the WCJ's decision to the Board. Upon review, the Board held that the WCJ's decision was supported by substantial evidence, that the WCJ did not abuse her discretion in assessing penalties under the facts presented, and that the WCJ issued a reasoned decision in accordance with Section 422(a) of the Act, 77 P.S. § 834. Accordingly, the Board affirmed the WCJ's decision. This appeal followed.

■■■ Initially, we note that this Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence.

*Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa. Cmwlth.382, 539 A.2d 11 (1988).

Herein, Employer raises the following issues:

1. Whether the WCJ erred in awarding Claimant penalties and interest;

2. Whether the WCJ failed to render a reasoned decision pursuant to Section 422(a) of the Act;

3. Whether the WCJ lacked jurisdiction to order payment for medical bills not listed in the WCJ's June 28, 1996 decision; and

4. Whether the WCJ erred in ordering penalties and interest be paid to Claimant.

■■■ Pursuant to Section 435 of the Act, 77 P.S. § 991(d), a WCJ is authorized to impose penalties for violations of the Act. *McKay v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.),* 654 A.2d 262 (Pa.Cmwlth.1995); *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.),* 102 Pa.Cmwlth.493, 518 A.2d 1305 (1986). The assessment of penalties, as well as the amount of penalties imposed, is discretionary, and absent an abuse of discretion by the WCJ, this Court will not overturn a penalty on appeal. *Essroc Materials v. Workers' Compensation Appeal Board (Braho),* 741 A.2d 820 (Pa.Cmwlth.1999). An abuse of discretion is not merely an error of judgment but occurs, *inter alia,* when the law is

---

1. In 1993, the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1041.4; 2501–2626, was amended in an attempt to contain costs by limiting the amount which may be charged for workers' compensation expenses. *See* Section 306(f.1) of the Act, 77 P.S. § 531.

misapplied in reaching a conclusion. *Candito v. Workers' Compensation Appeal Board (City of Philadelphia)*, 785 A.2d 1106 (Pa.Cmwlth.2001).

## I. WHETHER THE WCJ ERRED IN AWARDING PENALTIES AND INTEREST.

 Employer raises several arguments in support of this issue. First, Employer argues that the WCJ erred in awarding penalties on medical bills which were unable to be repriced and which were paid by Highmark Blue Cross/Blue Shield (Highmark), Claimant's medical insurer, when the medical bills were never presented to Employer on the proper form for repricing. Employer argues that the medical bills, specifically those set forth in finding of fact numbers 17 and 22(e), were never presented to Employer in the proper form for repricing pursuant to Section 306(f.1)(2) of the Act.[2] Employer contends that an employer is not responsible for payment of medical expenses unless said medical bills are submitted on a proper form and cites to this Court's decision in *AT & T v. Workers' Compensation Appeal Board (DiNapoli)*, 728 A.2d 381 (Pa. Cmwlth.1999), as support for this position.

In *AT & T*, one issue presented for our review was whether the WCJ erred in awarding medical expenses as they were not submitted on the proper form. This Court held that medical expenses must be submitted on the proper forms as required by Section 306(f.1)(2) of the Act. However, *AT & T* is distinguishable from the present case.

In *AT & T*, the employer was challenging the award of the medical expenses. In the present case, Employer did not appeal the WCJ's June 28, 1996 decision and order awarding the medical expenses as reasonable and necessary which are set forth again in findings of fact numbers 17 and 22(e) in the WCJ's April 24, 2001 decision disposing of Claimant's penalty petition. Accordingly, Employer cannot now complain that it was not required to pay the bills related to those medical expenses because the expenses were not able to be repriced because they were not submitted on the proper forms.

This conclusion is supported by this Court's decision in *Shaffer v. Workmen's Compensation Appeal Board (Avon Products)*, 692 A.2d 1163 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 549 Pa. 731, 702 A.2d 1062 (1997). In *Shaffer*, this Court held that bills that the employer argued should be submitted on proper forms prior to payment were the subject of a valid and unappealed order requiring the employer to pay them. Therefore, we held that the employer was obligated to pay the bills.

While *Shaffer* involved medical bills incurred prior to the enactment of Act 44, this Court's reasoning is applicable to the instant matter. As in *Shaffer*, Employer in this case, absent a contrary order on appeal, was obligated to pay the medical bills as set forth in the WCJ's June 28, 1996 order. Again, as in *Shaffer*, Employer could have challenged the reasonableness and necessity of the medical bills in question and obtained the information it now seeks through that challenge.

Accordingly, we reject Employer's argument that the WCJ erred in assessing penalties against Employer because the medical bills were unable to be repriced

---

**2.** 77 P.S. § 531(2). Section 306(f.1)(2) provides that "[a]ny provider who treats an injured employe shall be required to file periodic reports with the employer on a form prescribed by the department.... The employer shall not be liable to pay for such treatment until a report has been filed."

and were not presented to Employer on the proper forms.

■ Second, Employer argues that the WCJ erred in awarding penalties and interest on medical bills which were unable to be repriced and which were paid by Highmark when Highmark and Employer stipulated that no penalties or interest would accrue on said medical bills until thirty days after January 3, 2001. We disagree.

While it appears from the record that Employer and Highmark agreed that no penalties or interest would accrue until thirty days after a January 3, 2001 agreement with respect to charges for which neither Highmark or Employer was able to obtain repricing, that agreement has no affect on the WCJ's authority to award penalties and interest pursuant to the filing of a penalty petition by Claimant. There is no indication in the January 3, 2001 letter from Employer's counsel to Highmark's counsel that Claimant's counsel was waiving any of the remedies she may be afforded under the Act with respect to a penalty petition.

Accordingly, we reject Employer's argument that the WCJ erred in awarding penalties and interest based on a stipulation between Highmark and Employer.

■ Third, Employer argues that the total amount of medical bills paid by Highmark, as found by the WCJ, is not supported by substantial competent evidence; therefore, the WCJ erred by awarding penalties and interest on an incorrect amount. Employer contends that the WCJ erred by relying on the "explanation of benefits" forms to ascertain the amount paid by Highmark and instead should have relied upon the "accident lien report." Employer contends that the explanation of benefits forms do not represent actual payments made by Highmark but only represents anticipated payments of benefits. Employer contends that the accident lien report is a report generated by Highmark which accurately reflects advice amounts paid by Highmark and for which Highmark was requesting payment.

The correct amount of the medical bills paid by Highmark was a question of fact to be determined by the WCJ based upon the evidence presented. Upon reviewing the evidence, the WCJ chose, in her role as fact finder, to accept the explanation of benefits forms as reflecting the correct amount. These explanation of benefits forms clearly state on the face of each form that payment of the benefits payable had been sent to the provider listed thereon.

■ It is axiomatic that the WCJ, as fact finder, has exclusive province over questions of credibility and evidentiary weight, and the WCJ's findings will not be disturbed when they are supported by substantial competent evidence. *Northeastern Hospital v. Workmen's Compensation Appeal Board (Turiano)*, 134 Pa.Cmwlth. 164, 578 A.2d 83 (1990). Moreover, it is not this Court's function to reweigh the evidence and to determine whether the WCJ made the most reasonable and probable findings that could have been rendered. *Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

Accordingly, we conclude that the total amount of medical bills paid by Highmark, as found by the WCJ based on the explanation of benefits forms, is supported by substantial competent evidence.

■ Fourth, Employer argues that the WCJ erred in assessing penalties and interest based upon the difference allegedly due between the repriced amount and the amount received by the provider from Highmark to selected providers, as stated

in finding of fact number 21. Employer argues that its obligation under the Act is satisfied by Employer's reimbursement to Highmark for its payment to the selected providers. By finding that Employer owed an additional payment to the medical providers would in essence be double billing.

The WCJ's findings with respect to the providers in question clearly show that Highmark paid each provider an amount less than the repriced amount. Employer's obligation under the Act is to pay, in a timely manner, Claimant's medical bills and expenses and this includes any difference between the repriced amount and any lesser amount paid by an insurer if such payment results in the provider being underpaid. Accordingly, Employer is responsible for the difference owed to the providers as set forth in finding of fact 21. Therefore, the WCJ did not err in awarding penalties and interest on these amounts.

Fifth, Employer argues that the WCJ erred in assessing penalties and interest based upon the Claimant's deductible allegedly due to the selected providers stated in finding of fact 21 after payment by Highmark. We reject this argument based on our reasoning with respect to the previous argument raised herein by Employer.

Sixth, Employer argues that the WCJ erred in awarding penalties and interest as found in finding of fact number 22(a) through 22(d). Employer argues that the payments allegedly due to these providers is not supported by substantial competent evidence. In support of this argument, Employer once again contends that the amount on the accident lien report is the amount the WCJ should have used in calculating the amounts paid by Highmark.

Again, we reject this argument. The WCJ properly utilized the explanation of benefits forms to ascertain the amount owed to the providers listed in finding of fact number 22(a) through 22(d).

Seventh, Employer argues that there is no evidence to support the WCJ's finding that Highmark paid the provider West Hills Open MRI in the amount of $1,159.00 when that charge is not listed on either the accident lien report or on any explanation of benefits form. Therefore, Employer contends, it was error for the WCJ to assume that payment was made by Highmark and to assess penalties based upon said amount allegedly being owed to Highmark by Employer.

Our review of the record reveals that Employer's Exhibit D–F contains a letter from West Hills Open MRI dated May 1, 1997 to Employer's counsel wherein West Hills Open MRI informs Employer that on August 6, 1996, West Hills Open MRI sent a refund of $1,159.04 back to Employer; therefore, the account was no longer overpaid. Accordingly, based on the totality of the facts of this matter, the WCJ's finding was not premised upon speculation and the WCJ properly found that Highmark had paid the bill.

Finally, Employer argues that finding of fact number 22(b) assessing penalties and interest upon $3,265.20 allegedly paid to the providers listed in finding of fact number 13 is not supported by substantial evidence. Employer points out that only one provider is listed in finding of fact 13 and that the amounts listed as being paid to that provider only total $99.00. We agree.

Upon review of the WCJ's findings, we conclude that the support for finding of fact 22(b), as found in finding of fact 13, only supports a finding that Highmark is due $99.00 not the $3,265.20 as stated in finding of fact 22(b). Moreover, in finding of fact number 24, the WCJ assessed a

penalty of fifty percent of the $3,265.20 for Employer's violation of the Act by not reimbursing Highmark for the repriced bills paid to the providers after the bills had already been paid by Highmark. In addition, the WCJ found in finding of fact number 29(d) that interest was due on the amount of $3,265.20. However, as $99.00 is the correct amount of the monies paid to the providers listed in finding of fact number 13 by Highmark, the WCJ should have assessed a penalty of fifty percent of $99.00 and interest on $99.00, not $3,265.20.

## II. WHETHER THE WCJ RENDERED A REASONED DECISION

■ Employer contends that the WCJ failed to render a reasoned decision as evidenced by the foregoing error the WCJ made in findings of fact 22(b), 24, and 29(d). Employer further argues that the WCJ's decision is not reasoned because the findings set forth in finding of fact number 22 are not supported by substantial evidence. We disagree.

Section 422(a) of the Act provides, in pertinent part, that "[a]ll parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached ...", and "[t]he adjudication shall provide the basis for meaningful appellate review ..." 77 P.S. § 834. With regard to the provisions of Section 422(a) of the Act, we have recently stated the following:

[I]n order to provide a meaningful basis for appellate review, a WCJ's decision must contain findings and the reasons for the adjudication. To this end, the WCJ must set forth the reasons for her findings, and she must include all of the findings necessary to resolve the issues that were raised by the evidence and which are relevant to her decision.

*Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 753 A.2d 293, 305 (Pa.Cmwlth.), *petition for allowance of appeal granted*, 563 Pa. 552, 763 A.2d 369 (2000) (citations omitted).

Upon review of the WCJ's decision, we conclude that the WCJ's error with respect to finding of facts 22(b), 24, and 29(d) does not render the decision unreasoned. Clearly, finding of fact number 13 did not support the amount stated in findings of fact 22(b), 24, and 29(d); however, the remainder of the WCJ's decision sets forth findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decision so that all can determine why and how the WCJ reached a particular result. Moreover, we previously concluded in this opinion that the remaining portions of the WCJ's decision that Employer challenged as not being supported by the record are supported by substantial evidence. Accordingly, we reject Employer's contention that the WCJ rendered an unreasoned decision.

## III. WHETHER THE WCJ LACKED JURISDICTION TO ORDER PAYMENT FOR MEDICAL BILLS NOT LISTED IN THE WCJ'S JUNE 28, 1996 DECISION.

■ Employer states that in finding of fact number 22(f), the WCJ found that Highmark was entitled to reimbursement in the amount of $318.25 for certain medical bills listed in finding of fact number 19. Without citing to any authority, Employer contends that the WCJ was without jurisdiction to order Employer to reimburse Highmark as these medical bills were not stipulated to in the WCJ's June 28, 1996 order. Employer argues further that

there was no evidence presented to show that these medical bills were causally related to Employee's work-related injury or were reasonable or necessary.

■ Initially, we point out that it is undisputed that by a decision of a WCJ, it has been found that Claimant sustained a work-related injury. Once it is determined that an employer is liable for an injury under the Act, the employer is required to pay a claimant's medical bills within thirty days of receipt. *Martin v. Workers' Compensation Appeal Board (Red Rose Transit Authority)*, 783 A.2d 384, 389 (Pa.Cmwlth.2001), *petition for allowance of appeal denied*, 568 Pa. 710, 796 A.2d 988 (2002). Herein, the WCJ specifically found that the medical bills at issue were incurred for treatment of the work injury. Moreover, as stated in *Martin*, "disputes regarding the reasonableness or necessity of treatment, however, must be resolved through the utilization review process under Section 306(f.1)(6) of the Act[, 77 P.S. § 531(6)]. For this reason, the WCJ generally lacks subject matter jurisdiction over the issue of the reasonableness or necessity of treatment." *Id.* As such, Employer could have challenged the subject medical bills in accordance with the utilization review provisions of the Act, during which Employer would have had the burden. Accordingly, we reject as meritless Employer's arguments on this issue.

## IV. WHETHER THE WCJ ERRED IN ORDERING PENALTIES AND INTEREST BE PAID TO CLAIMANT.

■ Finally, Employer argues that the WCJ erred by specifically directing Employer to pay the penalties and interest assessed to Claimant. Employer argues that Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i), requires that the penalties be paid to the same person to whom the compensation is payable and that is not Claimant. Employer contends that the penalties and interest should be payable to Highmark and the other providers rather than Claimant because Employer failed to reimburse Highmark and to make timely payments to the providers, not to Claimant. In its reply brief, Employer further argues that because the WCJ did not award the payment of compensation, the WCJ erred in awarding penalties. We disagree.

Section 435(d)(i) of the Act provides as follows:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable; Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

This Court held in *Jaskiewicz v. Workmen's Compensation Appeal Board (James D. Morrisey, Inc.)*, 651 A.2d 623 (Pa.Cmwlth.1994), *petition for allowance of appeal denied*, 541 Pa. 628, 661 A.2d 875 (1995), that the Act, as written, only allows penalties if the claimant is awarded compensation. In *Jaskiewicz*, the claimant began receiving compensation pursuant to a notice of compensation payable. Thereafter, the employer filed both a termination and a modification petition. The claimant filed an answer wherein he asked for penalties. The WCJ granted the termination

petition, dismissed the modification petition as moot, and denied the claimant's request for penalties on the basis that no award of compensation under the Act was granted. The Board and this Court affirmed.

While Employer argues that no award of compensation was made by the WCJ when she disposed of Claimant's penalty petition, we point out that by previous WCJ's decisions in this matter, Claimant was awarded worker's compensation benefits under the Act and Employer was ordered to reimburse Highmark for the medical expenses incurred by Claimant which are now the subject of the instant penalty petition. Therefore, we reject Employer's contention that no amount was awarded to Claimant upon which penalties can be assessed.

Thus, we hold that Claimant is entitled to an award of penalties pursuant to Section 435(d)(i) for Employer's failure to timely pay and reimburse Highmark and certain providers for Claimant's work-related medical expenses as ordered by the WCJ's June 28, 1996 decision and order.[3] To hold otherwise would be inconsistent with the intent of the Act to provide the compensation authorities with leverage to make employers comply with the requirements of the Act in terms of timely and proper payment of medical expenses.

Accordingly, we will affirm the Board's order as modified by this Court's discussion in Part I of this opinion.

### ORDER

AND NOW, this *14th* day of *February,* 2003, the order of the Workers' Compensation Appeal Board in the above captioned

matter is affirmed with the sole modification that Mary Ann Weaver is only entitled to penalties and interest on the amount of $99.00, instead of $3,265.20 as found by the Workers' Compensation Judge in finding of fact numbers 22(b), 24 and 29(d), for Westinghouse Electric Corporation's failure to reimburse Highmark Blue Cross/ Blue Shield for payments Highmark made to the provider listed in finding of fact number 13. The remainder of the Workers' Compensation Judge's April 24, 2001 decision and order is unchanged.

---

3. *See also Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station),* 144 Pa.Cmwlth.332, 601 A.2d 491 (1991), wherein this Court reversed the Board's denial of the payment of medical expenses and imposed, pursuant to Section 435(d)(i) of the Act, a penalty of twenty percent of all the medical expenses together with and including the interest accrued thereon.