IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harley Davidson,                                    :
                              Petitioner           :
                                                   :
          v.                                       :     No. 1274 C.D. 2019
                                                   :     Submitted: January 31, 2020
Workers' Compensation Appeal                       :
Board (Ness),                                      :
                              Respondent           :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                                    FILED: June 26, 2020

          Harley Davidson (Employer) petitions for review of an adjudication
of the Workers' Compensation Appeal Board (Board) granting compensation
benefits to Brian S. Ness (Claimant) and denying Employer's review petition. In
doing so, the Board affirmed the decision of the Workers' Compensation Judge
(WCJ) that Claimant proved that he sustained an aggravation to his preexisting
hernia while lifting motorcycle parts at work, and, thus, established a compensable
work injury under the Workers' Compensation Act (Act).[1] The WCJ rejected
Employer's assertion that the Bureau of Workers' Compensation (Bureau) had
improperly converted Employer's notice of temporary compensation payable
(NTCP) to a notice of compensation payable (NCP). Discerning no error, we
affirm the Board.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1–1041.4, 2501–2710.

**Background**

On April 17, 2017, Claimant suffered an injury while lifting equipment at work. On May 6, 2017, Employer issued an NTCP with a 90-day period of temporary disability beginning April 18, 2017, and ending July 16, 2017. The NTCP described the injury as a "Strain or Tear" of the "Abdomen Including Groin." Reproduced Record at 16a (R.R. __).

On July 15, 2017, Employer issued a notice stopping temporary compensation and a notice of workers' compensation denial. The notices informed Claimant that compensation benefits under the NTCP would terminate as of July 10, 2017, and that Claimant would have to file a claim petition if he believed he had suffered a compensable work injury.

On July 19, 2017, Employer issued an amended NTCP for the April 17, 2017, injury, stating that temporary disability would end on July 16, 2017, not July 10, 2017. On July 20, 2017, the Bureau issued a notice that converted Employer's NTCP to an NCP.

On July 21, 2017, Claimant filed a claim petition alleging that he sustained a work-related "[h]ernia with stomach pain" on April 17, 2017. R.R. 4a. He sought total disability from that date and ongoing. On March 30, 2018, Employer filed a review petition alleging that the Bureau had issued the NCP "in error." R.R. 11a. The two petitions were consolidated.

In support of his claim petition, Claimant testified in person before the WCJ. He stated that he had worked for Employer for 21 years as a team leader. On April 17, 2017, Claimant was helping a co-worker lift motorcycle parts, each weighing approximately 30 pounds, from a conveyor belt when he felt a pull and burning sensation in his abdomen. Claimant immediately reported the injury to

2

Employer. Ignacio Prats, M.D., diagnosed Claimant with a hernia, and he surgically repaired the hernia on May 31, 2017.

Claimant testified that because he was still experiencing severe pain on the right side of his abdomen, he continued to seek treatment from Dr. Prats and his family doctor, Jeffrey Rowand, M.D. They referred him to pain management specialists. Claimant did not believe he was capable of resuming work because he had pain either standing or sitting. He had not been released to return to work as of the date he testified.

Claimant testified that he had undergone a previous hernia repair in December 2013 and returned to work without restrictions. He underwent bariatric bypass surgery in 2012, and he had his gall bladder removed in 2013. Claimant has a history of ulcers and diverticulitis, which also cause abdominal pain.

Claimant testified again before the WCJ on April 17, 2018. He stated that his pain was improving and that he intended to return to work on April 30, 2018.

Claimant presented the deposition testimony of Dr. Rowand, who is board certified in family medicine. Dr. Rowand testified that he treated Claimant from May 5, 2015, through April 11, 2016, for chronic conditions including insomnia, constipation, and gastroenteritis, and on a monthly basis since May 22, 2017, mostly for depression. Meanwhile, Claimant was being seen by Dr. Prats for ongoing abdominal pain. One of Dr. Rowand's partners treated Claimant's diverticulitis, which resolved some pain but not that at the hernia site. Dr. Rowand testified that he served as Claimant's "coordinating care" physician and referred him to pain management for his hernia umbilical pain. Notes of Testimony (N.T.),

3

11/9/2017, at 15; R.R. 144a. A nerve block provided nearly complete relief of the pain, which indicated a sensory nerve issue in the abdominal wall.

Based on his examinations, treatment, and review of the medical records, Dr. Rowand diagnosed Claimant with a work-related recurrent ventral hernia at the site of a previous hernia repair. Dr. Rowand related Claimant's ongoing pain symptoms to the hernia surgery Dr. Prats performed on May 31, 2017. On cross-examination, Dr. Rowand testified that Claimant's abdominal pain was not related to a bowel obstruction for which Claimant underwent an emergency surgery in November of 2017. Further, there was no evidence of bowel obstruction on the computerized axial tomography (CAT) scans done after the hernia surgery. Dr. Rowand stated that Claimant's pain was localized at the hernia repair site.

Claimant also presented the deposition testimony of Dr. Prats, a board-certified general surgeon. Dr. Prats first examined Claimant on May 2, 2017. A CAT scan showed that Claimant had an abdominal wall hernia, which Dr. Prats treated surgically on May 31, 2017. After surgery, Claimant continued to experience abdominal pain, which Dr. Prats diagnosed as a neuropathy. He opined that Claimant's multiple surgeries, including the hernia repair he performed, caused scar tissue to develop placing pressure on the peripheral nerves in that area. Dr. Prats could not opine on whether the hernia surgery substantially contributed to Claimant's symptoms because he did not measure Claimant's pre-operative pain levels.

Dr. Prats testified that Claimant's CAT scan of July 22, 2016, showed a hernia in the same area, but surgery was not recommended at the time. Claimant reported a "pop" and the onset of pain resulting from the work incident on April

17, 2017, which led to the hernia surgery that Dr. Prats performed in May 2017. N.T., 1/15/2018, at 23-24; R.R. 163a.

In opposition to Claimant's claim petition, Employer presented the deposition testimony of S. Ross Noble, M.D., who is board certified in physical medicine and rehabilitation. Dr. Noble did an independent medical examination (IME) of Claimant on October 19, 2017. Dr. Noble reviewed Claimant's CAT scans, which showed that Claimant had been under treatment for abdominal complaints prior to the incident of April 17, 2017. This was contrary to Claimant's statement that he had not experienced abdominal pain for three years prior to the April 17, 2017, work incident. Dr. Noble found no physiological explanation for Claimant's complaint of abdominal pain. Dr. Noble testified that he did not see a hernia on Claimant's July 22, 2016, CAT scan, but he deferred to Dr. Prats' opinion because "[Dr. Prats is] an abdominal surgeon and [he is] not." N.T., 2/6/2018, at 37; R.R. 204a.

Employer also submitted reports issued by Robert Howard, D.O., a board-certified general surgeon, who reviewed Claimant's medical records, including the CAT scans done on July 22, 2016, and May 10, 2017. Dr. Howard concluded that the hernia present on July 22, 2016, was the same hernia Dr. Prats repaired on May 31, 2017. He opined that the hernia was a preexisting condition not related to Claimant's work incident on April 17, 2017.

In support of its review petition to set aside the NCP, Employer presented the deposition testimony of William McElrath, the examiner assigned to investigate Claimant's alleged work injury. McElrath testified that on July 15, 2017, he issued the notice stopping temporary compensation and the notice of workers' compensation denial. On July 18, 2017, McElrath paid a medical bill that

5

had been incurred prior to July 15, 2017, with no intention to admit liability "for the claim." N.T., 3/29/2018, at 6-7; R.R. 250a-51a. However, the payment of the bill caused the computer system to generate an amended NTCP, which McElrath described as coming "straight from the state[.]" N.T., 3/29/2018, at 7; R.R. 251a. The Bureau issued the notice of conversion after Employer had issued its notices stopping temporary compensation and denying Claimant's claim for compensation.

**WCJ Decision**

The WCJ credited Claimant's testimony with respect to the April 17, 2017, work incident and his symptoms. The WCJ rejected Claimant's testimony that he did not have abdominal pain complaints for three years prior to April 17, 2017. The WCJ credited Dr. Rowand's testimony, except for his opinion that the hernia was caused by the April 17, 2017, work incident. The WCJ found that the hernia preexisted the work incident, as shown on the July 22, 2016, CAT scan, at which time treatment was not recommended. Based on the credited testimony of Dr. Rowand and Claimant's medical records, the WCJ found that Claimant's work injury necessitated the hernia repair surgery on May 31, 2017. Claimant's postoperative pain was neuropathic in nature and different from the symptoms Claimant complained of prior to April 17, 2017. The WCJ found that Claimant sustained a work-related postoperative neuropathic injury and granted the claim petition for a closed period from April 17, 2017, through April 30, 2018.

The WCJ rejected the conflicting testimony of Dr. Noble and Dr. Howard. The WCJ reasoned that Dr. Noble evaluated Claimant only once, and Dr. Howard never examined Claimant. The WCJ declined to draw an adverse inference from Claimant's decision not to depose his other treating physician, Dr. Eric Pauli, noting that Dr. Pauli was "equally available to be called as a witness by

6

both [p]arties." WCJ Decision, 9/27/2018, at 15, Finding of Fact (F.F.) No. 17(c); R.R. 299a.

The WCJ denied Employer's review petition, finding McElrath's testimony not credible. The WCJ used his "investigatory authority" to learn how the submission of an electronic data interchange (EDI) transaction triggers the generation of a form in the Workers' Compensation Automation and Integration System. WCJ Decision, 9/27/2018, at 14, F.F. No. 17(a); R.R. 298a. The WCJ concluded that the July 19, 2017, amended NTCP was properly converted to an NCP.

Employer appealed. The Board affirmed the WCJ's grant of the claim petition. The Board also affirmed the WCJ's denial of Employer's review petition because "any potential error in document processing is moot." Board Adjudication, 8/20/2019, at 11. Employer then petitioned for this Court's review.[2]

## Appeal

On appeal, Employer raises three issues, which we combine into two for clarity. First, it argues that the Board erred because the WCJ's findings are not supported by substantial evidence, and the WCJ should have drawn an adverse inference from Claimant's decision not to present Dr. Pauli as a witness. Second, Employer argues that the Board erred with respect to its review petition because the Bureau converted Employer's NTCP to an NCP in error.

---

[2] This Court's review of an order of the Board determines whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Crisman)*, 39 A.3d 1028, 1033 n.6 (Pa. Cmwlth. 2012).

7

## I. Claim Petition

Employer argues that the Board erred in affirming the WCJ's grant of the claim petition. The hernia was present on the July 22, 2016, CAT scan, and there was no credited expert testimony that the April 17, 2017, work incident aggravated Claimant's preexisting hernia. Employer further asserts that the WCJ should have drawn an adverse inference from the absence of testimony from Dr. Pauli. Claimant counters that he proved that the work incident aggravated his condition and necessitated the surgery. Accordingly, Claimant's postoperative neuropathic pain was work-related. Claimant argues that the absence of testimony from Dr. Pauli was meaningless; other medical evidence established a causal relationship between the work incident and his loss of earning power.

In a workers' compensation case, the claimant has the burden of proving the causal connection between the work injury and disability. *Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education)*, 498 A.2d 800, 802 (Pa. 1985). A claimant satisfies his burden if he proves that the alleged disability either "results from the injury or is aggravated, reactivated or accelerated by the injury...." *Fotta v. Workmen's Compensation Appeal Board (U.S. Steel/USX Corporation Maple Creek Mine)*, 626 A.2d 1144, 1146 (Pa. 1993) (quoting Section 301(c) of the Act, 77 P.S. §411(1)). The WCJ is the ultimate finder of fact, and the WCJ's factual findings may not be disturbed unless they are not supported by substantial, competent evidence. *Westinghouse Electric Corporation v. Workers' Compensation Appeal Board (Weaver)*, 823 A.2d 209, 215 (Pa. Cmwlth. 2003). As the fact finder, "the WCJ is permitted to draw reasonable inferences from the evidence." *Bentley v. Workers' Compensation Appeal Board (Pittsburgh Board of Education)*, 987 A.2d 1223, 1228 (Pa. Cmwlth.

8

2009).  Further, a medical expert is not required to recite "magic words" such as the exact term "aggravation of the pre-existing condition." *Schmidt v. Workers' Compensation Appeal Board (IATSE Local 3)*, 19 A.3d 1171, 1177 (Pa. Cmwlth. 2010).  Rather, an expert's testimony must be reviewed in its entirety. *Id.*

The WCJ's finding that Claimant suffered a work-related postoperative neuropathic injury is supported by substantial evidence.  Dr. Prats testified that the hernia was present as of July 22, 2016, but it did not require surgery at that point.  Claimant credibly testified that he felt an immediate burning sensation in his abdomen while lifting equipment for Employer on April 17, 2017.  At that point, Dr. Prats concluded surgery was required.  Dr. Rowand credibly testified that Claimant's postoperative pain was localized to the hernia repair site; was caused by scar tissue from Claimant's surgical procedures, including the hernia repair of May 31, 2017; and was different from the symptoms Claimant had prior to April 17, 2017.  This record evidence supports the WCJ's factual finding that the April 17, 2017, work incident caused an aggravation to Claimant's preexisting hernia.

We reject Employer's argument that the WCJ was required to draw an adverse inference from the absence of testimony from Claimant's other treating physician, Dr. Pauli.  The fact finder is not required to draw an adverse inference based on a claimant's failure to call attending physicians. *William Penn School District v. Workers' Compensation Appeal Board (Westerman)*, 717 A.2d 589, 592 (Pa. Cmwlth. 1998).  "Generally, an adverse inference is permissible only where the uncalled witness is peculiarly within the reach and knowledge of only one of the parties." *Id.*

9

Employer asserts that Dr. Pauli was not equally available to the parties because Claimant had the burden of proof in the claim petition proceeding. Employer did not cite, and we have not found, any legal authority in support of Employer's broad proposition that a witness is not available to a non-moving party. We conclude that Dr. Pauli was available to Employer.

Employer also argues that Dr. Pauli's absence was fatal to Claimant's case because Dr. Prats did not establish a causal connection between the work incident and the hernia surgery. However, Claimant testified credibly about the work incident and his symptoms, and he presented the deposition testimony of Dr. Rowand, who has seen Claimant on a monthly basis since May 22, 2017, and acted as Claimant's "coordinating care" physician for his hernia umbilical pain. N.T., 11/9/2017, at 15; R.R. 144a. The WCJ relied on the credited testimony of Dr. Rowand and Claimant's medical records to find that the work injury necessitated the hernia repair surgery on May 31, 2017, which caused Claimant's postoperative neuropathy.

## II. Review Petition

Employer argues that the Board erred in affirming the WCJ's denial of its review petition. Claims examiner McElrath testified the notice of conversion to compensation payable was generated in error. Employer argues that in discrediting McElrath's testimony, the WCJ acted outside his authority by conducting his own investigation of how forms are generated in the EDI system. Claimant counters that the Board did not err in holding that this issue is moot because the claim petition has been fully litigated.

Employer issued a notice stopping temporary compensation and the notice of workers' compensation denial on July 15, 2017. Both notices informed

Claimant that he had a right to file a claim petition. Claimant did so on July 21, 2017, and the claim petition was litigated to conclusion.

Whether the notice of conversion to compensation payable was generated in error by the EDI system is no longer an actual controversy. *Horsehead Resource Development Company, Inc. v. Pennsylvania Department of Environmental Protection,* 780 A.2d 856, 858 (Pa. Cmwlth. 2001) (this Court "will dismiss an appeal as moot unless an actual case or controversy exists at all stages of the judicial or administrative process"). We agree with the Board that the issue is now moot.

## Conclusion

For all of the foregoing reasons, we conclude that the WCJ's finding that Claimant suffered a work-related postoperative neuropathic injury is supported by substantial evidence. We also conclude that the propriety of the Bureau's conversion of Employer's NTCP into an NCP is a moot question. Claimant did not rely upon the NCP but, rather, filed a claim petition in response to Employer's notice stopping temporary compensation. Accordingly, we affirm the Board's August 20, 2019, adjudication granting Claimant's claim petition and denying Employer's review petition.

_____
MARY HANNAH LEAVITT, President Judge

Judge Fizzano Cannon did not participate in the decision in this case.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harley Davidson,                          :
                Petitioner      :
                             :
          v.                              :    No. 1274 C.D. 2019
                             :
Workers' Compensation Appeal    :
Board (Ness),                             :
                Respondent    :

# **O R D E R**

AND NOW, this 26th day of June, 2020, the August 20, 2019, adjudication of the Workers' Compensation Appeal Board, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge