# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CMR Construction of Texas, : 
                Petitioner : 
                 :   No.  693 C.D. 2016
                 :
          v. : 
                 :   Submitted:  December 30, 2016
Workers' Compensation  Appeal : 
Board (Begly), : 
                Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION BY
JUDGE McCULLOUGH                FILED:  June 26, 2017

CMR Construction of Texas (Employer) petitions for review of the March 31, 2016 order of the Workers' Compensation Appeal Board (Board), which affirmed the order of a Workers' Compensation Judge (WCJ) granting a petition for penalties filed by Keith Begly (Claimant).  This case presents an issue of first impression regarding an employer's purported financial inability to pay a WCJ's award intertwined with payment of such award by the Uninsured Employers Guaranty Fund (the Fund).

## Facts and Procedural History

The underlying facts of this case are not in dispute.  Claimant originally began working as a sales representative for CMR Construction and Roofing of Minnesota, a different entity than Employer, in April of 2010 in the Cleveland, Ohio

area. As business opportunities depleted in that area, Claimant relocated to Pittsburgh in May of 2011 and began working for Employer in that area. Claimant's job required him to solicit contracts for Employer to perform home repairs. Claimant later moved to the Mercersburg area but continued the same work for Employer. In the course and scope of his employment on January 5, 2012, Claimant fell from a roof and sustained injuries in the nature of a ruptured aorta, pneumothorax, fractured left shoulder blade, and multiple rib fractures. (WCJ's 2014 Decision, Finding of Fact No. 7.)

Claimant filed a claim petition on March 28, 2012. Employer filed an answer denying the material allegations of Claimant's petition and alleging that Claimant was an independent contractor, not an employee. Upon notification in April of 2012 that Employer lacked workers' compensation insurance coverage, Claimant immediately filed a notice of claim against the Fund. On May 10, 2012, Claimant filed a claim petition against the Fund. The matter was assigned to the WCJ, who held multiple hearings. At these hearings, Claimant testified as to the facts described above. Employer presented several witnesses in an attempt to establish that Claimant was an independent contractor. However, Employer was unsuccessful as the WCJ found that Employer failed to establish an independent contractor relationship with Claimant under the applicable Construction Workplace Misclassification Act.[1] (WCJ's 2014 Decision, Findings of Fact Nos. 1-11.)

### WCJ's 2014 Decision and Order

By decision and order circulated on April 3, 2014, the WCJ granted Claimant's claim petition and awarded him total disability benefits for the period

---

[1] Act of October 13, 2010, P.L. 506, 43 P.S. §§933.1-933.17.

from January 1, 2012, through February 14, 2012, and partial disability benefits from February 15, 2012, and ongoing. The WCJ rejected Employer's argument that Claimant was an independent contractor and found that he was an employee of Employer. The WCJ also found that, as of the date of the injury, Employer did not have insurance for work injuries occurring in Pennsylvania and that its policy only covered Texas employees. Hence, the WCJ concluded that Employer must be considered uninsured and directed that should Employer fail, or be unable, to pay the ordered compensation to Claimant, such compensation shall be paid by the Fund. Claimant, Employer, and the Fund filed cross-appeals with the Board. Employer and the Fund also filed supersedeas requests with the Board, but the same were denied by orders dated May 20, 2014. Subsequently, by decision and order dated October 21, 2015, the Board affirmed the WCJ's order insofar as it granted Claimant's claim petition, but remanded the matter to the WCJ for further findings strictly in regard to the appropriate amount of Claimant's average weekly wage. (Reproduced Record (R.R.) at 4a-17a.)

**Penalty Petition**

In the meantime, on August 1, 2014, Claimant filed a penalty petition alleging that Employer had failed to commence payments in accordance with the WCJ's April 3, 2014 decision and order. Employer filed an answer denying the substantive allegations of Claimant's petition. However, at a hearing before the WCJ on September 8, 2014, Employer stipulated that it had not made any payments to Claimant. Employer noted that the Fund began making biweekly payments to Claimant as of September 1, 2014. (R.R. at 18a-21a, 64a.)

Employer also presented the deposition testimony of Steven Soule, its vice president. Soule stated that he is in charge of Employer's operations and was

3

aware of the WCJ's April 3, 2014 decision awarding Claimant benefits, including past due benefits and medical expenses. Soule alleged that Employer could not afford to comply with the WCJ's order due to its poor financial condition, noting that Employer had recently entered into a plan to repay approximately $1 million in debt and that Employer had an additional $100,000.00 to $200,000.00 in credit card obligations. Soule also noted that Employer's financial condition had improved late in 2014 such that it entered into an agreement to make monthly payments to the Fund in the amount of $1,000.00.[2] (R.R. at 24a, 28a-33a.)

On cross-examination, Soule acknowledged that Employer had not made any disability payments to Claimant or paid any of Claimant's medical bills as directed by the WCJ's April 3, 2014 order. Soule also stated that the repayment to the Fund was set to begin in December 2014 and that Employer had transmitted funds to its counsel, but he was not aware if counsel had forwarded the same to the Fund. Soule noted that Employer was still operating in Pennsylvania. (R.R. at 47a-55a.)

**WCJ's 2015 Decision and Order**

By decision and order circulated June 11, 2015, the WCJ granted Claimant's penalty petition. Based on Soule's admissions, the WCJ found that the evidence of record clearly established that Employer was in violation of his previous order. (Finding of Fact No. 5.) The WCJ also found that Employer's purported inability to afford to comply was "not justification for being in violation of the Act."

---

[2] Section 1605(b) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, added by the Act of November 9, 2006, P.L. 1362, 77 P.S. §2705(b), authorizes the Department of Labor and Industry, on behalf of the Fund, to "exhaust all remedies at law against the uninured employer in order to collect the amount of a voluntary payment or award . . . costs, interest, penalties, [attorney] fees . . . and costs of the fund's attorney, which have been paid by the fund."

4

*Id.* Further, the WCJ found that Employer had an obligation to pay the 2014 award and the "mere fact that the Fund did not start doing so until September, 2014, does not relieve them [sic] of that general obligation." *Id.* The WCJ thereafter imposed a 50% penalty against Employer on all past due compensation owed to Claimant.[3]

Employer appealed to the Board, but the Board affirmed the WCJ's decision. Employer thereafter filed a petition for review with this Court, along with a petition for supersedeas. By opinion and order dated July 25, 2016, we denied the latter petition.

## Discussion

On appeal to this Court, Employer argues that the Board erred as a matter of law in affirming the WCJ's decision as the same ignores the legislative intent behind creation of the Fund and its demonstrated financial inability to comply with the WCJ's award. We disagree.

Section 435(d) of the Workers' Compensation Act (Act)[4] addresses penalties and provides, in pertinent part, that:

> (d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:
>
> > (i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty

---

[3] The WCJ further concluded that Employer's contest was unreasonable and awarded Claimant counsel fees in the amount of $2,125.00.

[4] Added by the Act of February 8, 1972, P.L. 25 , *as amended*, 77 P.S. §991(d).

5

> may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. §991(d)(i).

Even if a violation of the Act is established, the assessment of penalties, as well as the amount of penalties imposed, is discretionary, and absent an abuse of discretion by the WCJ, this Court will not overturn the WCJ's decision on appeal. *Westinghouse Electric Corporation v. Workers' Compensation Appeal Board (Weaver)*, 823 A.2d 209, 213 (Pa. Cmwlth. 2003). "An abuse of discretion is not merely an error of judgment but occurs, *inter alia*, when the law is misapplied in reaching a conclusion." *Id.* at 213-14. In other words, a WCJ's decision as to penalties will only be reversed where the WCJ has misapplied the law.

Section 428 of the Act, 77 P.S. §921, essentially provides that an employer violates the Act if it fails to make payments within thirty days of the date on which its obligation to pay arises. Additionally, section 430(b) of the Act specifically cautions that "[a]ny insurer or employer who terminates, decreases or refuses to make any payment provided for in the [WCJ's] decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in Section 435. . . ." 77 P.S. §971(b). Indeed, only a grant of supersedeas relieves an employer of an obligation to pay. *Indiana Floral Co. v. Workers' Compensation Appeal Board (Brown)*, 793 A.2d 984, 991 (Pa. Cmwlth. 2002). In *Indiana Floral Co.*, we held that the employer was obligated to pay the claimant disability benefits once its request for supersedeas was denied, that a violation of the Act occurred when the employer did not begin paying claimant's benefits, and that the employer's subsequent four-month delay in making such payments justified the WCJ's award of a 50% penalty.

6

Here, Employer admittedly violated the Act by failing to make any disability payments to Claimant or pay Claimant's work-related medical expenses within 30 days of the WCJ's April 3, 2014 decision. While Employer sought supersedeas from the Board, the Board denied Employer's request by order dated May 20, 2014. Moreover, while Employer cited a financial inability to pay the WCJ's award, it has not offered any authority to support an argument that a purported inability to pay forecloses the imposition of penalties. Indeed, Employer made the decision not to seek workers' compensation insurance coverage for its out-of-state employees. Employer's actions amounted to a refusal to pay the award.

Nevertheless, Employer asks this Court to ignore its blatant violation of the Act in light of the existence of the Fund and the Fund's obligation to pay Claimant benefits. Employer points to section 1602(c) of the Act, which sets forth the purpose of the Fund as follows:

> The administrator shall establish and maintain the fund for the exclusive purpose of paying to any claimant or his dependents workers' compensation benefits due and payable under this act and the act of June 21, 1939 (P.L. 566, No. 284), known as The Pennsylvania Occupational Disease Act, and any costs specifically associated therewith where the employer liable for the payments failed to insure or self-insure its workers' compensation liability under section 305 at the time the injuries took place.

77 P.S. §2702(c).[5] The Fund itself is not considered an insurer and is not subject to penalties or unreasonable contest attorney fees. *See* Section 1601 of the Act, 77 P.S. §2701 (definition of "Fund").[6]

---

[5] Section 1602 of the Act was added by the Act of November 9, 2006, P.L. 262.

[6] Section 1601 of the Act was added by the Act of November 9, 2006, P.L. 262.

However, Employer misconstrues the intent behind the creation of the Fund. While Employer correctly noted that the establishment of the Fund created a third-party that would be responsible for the payment of claims, it was created to protect an injured worker and his right to be compensated for work-related injuries. The Fund was not created to protect the uninsured employer or otherwise shield such an employer from its obligations under the Act, as evidenced by section 1605(b) of the Act, noted above, which authorizes the Department of Labor and Industry, on behalf of the Fund, to seek reimbursement of any award paid by the Fund, as well as penalties, interest and attorney fees, from the responsible employer.[7]

Employer also attempts to shift the focus in this case to the Fund's delay in paying benefits until September 1, 2014. Employer notes that the Fund "was aware of the fact that [it] had not paid the Claimant compensation benefits prior to the initiation of the Penalty Petition and, thus, its delay in providing benefits to the Claimant was unreasonable." (Employer's brief at 16.) However, as the WCJ aptly noted, the obligation to pay the 2014 award was on Employer and the fact that the Fund ultimately commenced such payments did not relieve Employer of its obligation. While Employer has claimed a purported financial inability to satisfy its obligation, it has not cited to any precedent or specific statutory language which would allow for such an exception to the payment of benefits.[8]

Because the WCJ's April 3, 2014 decision and order directed Employer to pay Claimant compensation benefits and any work-related medical expenses, and

---

[7] The Fund itself is not considered an insurer and is not subject to penalties or unreasonable contest attorney fees. *See* Section 1601 of the Act, 77 P.S. §2701 (definition of "Fund").

[8] To the extent that Employer asks this Court to revisit and grant its supersedeas request in the underlying appeal, we decline to do so in light of our disposition of this case.

8

Employer admittedly failed to do so, Employer violated the Act and the WCJ properly awarded penalties to Claimant. Neither the existence of the Fund nor the Fund's corresponding duty to commence said payments in light of Employer's uninsured status, altered Employer's obligations under the Act.

**Attorney Fees**

Finally, we address Claimant's request for attorney fees pursuant to Pa.R.A.P. 2744. Pa.R.A.P. 2744 provides that an appellate court may award reasonable counsel fees and damages for delay at the rate of six percent if the court determines that the "appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate, or vexatious." This Court has held that a "frivolous" appeal implies that "no justiciable question has been presented and that the appeal is readily recognizable as devoid of merit in that there is little prospect of success." *Hewitt v. Commonwealth*, 541 A.2d 1182, 1185 (Pa. Cmwlth. 1988), *appeal denied*, 554 A.2d 511 (Pa. 1989).

In this case, Employer consistently maintained its arguments before the WCJ, the Board, and this Court that its financial inability to pay the WCJ's award, coupled with the responsibility of the Fund to commence payments of the same, precludes a further award of penalties in Claimant's favor. While Employer's arguments were ultimately unsuccessful, we cannot conclude that the same were frivolous or meant solely for delay. Thus, we decline to impose attorney fees on Employer under Pa.R.A.P. 2744.

9

Accordingly, the order of the Board is affirmed and Claimant's request for attorney fees under Pa.R.A.P. 2744 is denied.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CMR Construction of Texas,                    :
               Petitioner                    :
                                   :
                                   :   No.  693 C.D. 2016
            v.                    :
                                   :
Workers' Compensation  Appeal               :
Board (Begly),                    :
               Respondent               :

## *<u>ORDER</u>*

AND NOW, this 26th day of June, 2017, the order of the Workers' Compensation Appeal Board, dated March 31, 2016, is hereby affirmed.  The request of Keith Begly for attorney fees pursuant to Pa.R.A.P. 2744 is denied.

 

                                  _____
                                  PATRICIA A. McCULLOUGH, Judge