IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia, : 
          Petitioner : 
          :   No.  217 C.D. 2020
        v. : 
          :   Submitted:  January 29, 2021
Workers' Compensation Appeal : 
Board (Thompson), : 
         Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED:  May 26, 2021

In this case arising under the Workers' Compensation Act (Act),[1] the City of Philadelphia (Employer) petitions for review from the January 29, 2020 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a workers' compensation judge (WCJ) granting the petition for penalties filed on behalf of Larry Thompson (Decedent). We affirm.

**Background**

The factual and procedural history of this matter is uncontested. On May 4, 2018, a WCJ issued a decision and order that granted the fatal claim petition filed by

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

Decedent's widow (Claimant).[2]  The WCJ ordered Employer to pay Claimant weekly indemnity benefits, funeral expenses, and reasonable litigation costs.  With respect to indemnity benefits, the WCJ concluded that "Claimant is entitled to weekly benefits at the rate of [50%] of Decedent's average weekly wage [(AWW)] at the time he last worked in 2010 for the duration of her life, unless altered pursuant to the Act."  (WCJ's decision and order, 5/04/2018, at Conclusion of Law (C.O.L.) No. 4.)  The WCJ further concluded that "Claimant is entitled to statutory interest of 10% from the date of filing of the [c]laim [p]etition."  *Id.*

Employer subsequently appealed to the Board.  Significantly, on June 8, 2018, the Board issued an order denying Employer's request for supersedeas.  (WCJ's decision and order, 11/21/2018, at F.F. No. 5 & n.5.)  Eventually, in a decision dated October 22, 2019, the Board remanded the case to the WCJ.  More specifically, the Board remanded in order for the WCJ to reconsider the merits of the fatal claim petition and render additional factual findings based on intervening case law,[3] which the WCJ did not have the benefit of during the proceedings.  (Board's decision, 10/22/2019, at 8-11.)

---

[2] By way of background, Decedent worked for Employer as a firefighter from 1985 until 2010. In 2013, Decedent was diagnosed with lymphoma and died on May 11, 2013.  On May 6, 2016, Claimant filed a fatal claim petition, alleging that Decedent's exposure to International Agency for Research on Cancer Group I carcinogens was a substantial contributing factor in his diagnosis of Non-Hodgkins lymphoma and death.  Claimant asserted that she was entitled to benefits for an enumerated occupational disease pursuant to sections 301(c)(2), 301(f), and 108(r) of the Act, 77 P.S. §§411(2), 414, added by section 2 of the Act of July 7, 2011, P.L. 251, and 27.1(r), added by section 1 of the Act of July 7, 2011, P.L. 251, respectively.  (WCJ's decision and order, 5/04/2018, at Findings of Fact (F.F.) Nos. 1-2.)

[3] *See generally City of Philadelphia Fire Department v. Workers' Compensation Appeal Board (Sladek)*, 195 A.3d 197 (Pa. 2018) (discussing the burden of proof and evidentiary presumptions under sections 301(f) and 108(r) of the Act).

Meanwhile, Claimant filed a penalty petition on July 29, 2018, alleging that Employer failed to pay benefits following the WCJ's decision granting the fatal claim petition and the Board's June 8, 2018 order denying supersedeas. Following a hearing, the WCJ found that Employer admitted that it had not paid Claimant any indemnity benefits. Instead, Employer argued that its failure to comply with the WCJ's order and the Board's denial of supersedeas was justified because it was unclear whether Claimant's benefit rate was 50%, as provided for in the WCJ's order, or 51% as provided for in the Act.[4] Employer also asserted that it was unable to calculate Decedent's AWW and, thus, the benefit rate. (WCJ's decision and order, 11/21/2018, at F.F. Nos. 1, 6.)

In a decision and order dated November 21, 2018, which was rendered prior to the Board's October 22, 2019 remand order, the WCJ rejected Employer's arguments. In so doing, the WCJ found that the decision and order was "clear that [50%] of [] [D]ecedent's [AWW] calculated at the time he last worked for [Employer] in 2010 should be paid with a statutory interest of [10%] thereon." *Id.* at F.F. No. 7. The WCJ further found that

> 8.    . . . irrespective of whether the benefit rate should have been [50%] or [51%] percent pursuant to the terms of the . . . Act, this is not sufficient grounds for the Employer to blatantly disregard the order of [the WCJ] and the denial of supersedeas by the [Board].
>
> 9.    . . . while there was no earning documentation submitted in the underlying matter, [] Employer cannot credibly argue an inability to calculate an [AWW] and compensation rate inasmuch as wage records are within the complete control of [] Employer. Any wage information

---

[4] Section 307(2) of the Act provides that when there is a successful fatal claim petition under the Act, indemnity benefits payable "[t]o the widow or widower, if there be no children," shall be "[51%] of wages, but not in excess of the Statewide [AWW]." 77 P.S. §561(2).

presented by Claimant would have come directly from earnings statements generated by [] Employer.

10. . . . as with the earning documentation, [] Employer cannot credibly argue an inability to ascertain [] Claimant's last date of work and/or retirement date as any attendance records for [] Claimant are within the complete control of the Employer. Any information presented by Claimant would have come directly from attendance records generated by [] Employer.

11. . . . in the event the . . . Board [would have] calculated the wages differently than that which had been paid by [] Employer, [] Employer would have the remedy of the Supersedeas Fund for reimbursement of an overpayment.

12. . . . the arguments raised by [] Employer to be disingenuous as the order of the [WCJ] was clear and the information missing was within the control of [] Employer.

*Id.* at F.F. Nos. 8-12.

Based on these findings, the WCJ determined that Employer violated the terms and provisions of the Act and granted Claimant's penalty petition. The WCJ imposed a 50% penalty upon Employer for failing to comply with the order granting the fatal claim petition and awarding benefits and the Board's order denying supersedeas. The WCJ assessed the penalty on the total amount of outstanding monies, including interest, that was due and owing to Claimant. *Id.* at F.F. Nos. 13, 15; C.O.L. at 4.

Employer appealed to the Board, which, by order dated January 29, 2020, affirmed the WCJ. In so doing, the Board noted that Employer did not dispute that it failed to pay Claimant indemnity benefits pursuant to the WCJ's decision and order. Addressing Employer's argument "that Claimant had an affirmative duty to establish Decedent's AWW and thus it did not violate the Act," the Board could not discern a "fallacy in the WCJ's reasoning that attendance and wage records are within

4

[Employer's] control and it ha[d] access to the necessary information and could calculate benefits due at will." (Board's decision, 01/29/2020, at 4.) Regarding Employer's contention that the WCJ's decision was unclear as to the date to be used to calculate the AWW and benefits due, the Board concluded these issues are decided by statutory law "and the benefits due were discernable." *Id.* at 4 n.6. The Board also added that "[e]ven if the benefit calculation required more [of] a greater degree of definitiveness, [] Employer presented no evidence of a good-partner payment." *Id.* Ultimately, the Board concluded that Employer violated the Act and that the WCJ did not abuse her discretion in imposing a penalty because "[t]he Act does not give an employer the right to ignore its requirements and unilaterally refuse to pay benefits without following prescribed statutory remedies." *Id.* at 4.

Employer now petitions this Court for review.[5]

## Discussion

Employer argues that the WCJ abused her discretion in granting Claimant's penalty petition for three primary reasons. First, Employer asserts that the WCJ ordered benefits in an incorrect percentage because, "according to [s]ection 307(2) of the Act, death benefits are payable to a surviving spouse at [51%] of the decedent's [AWW], not [50%] as the WCJ ordered." (Employer's Br. at 11.) Second, Employer submits that "the WCJ ordered benefits to be paid based on Decedent's wages in 2010 when . . . [t]he evidence of record established that Decedent was employed . . . through the end of 2011," and, as such, "[t]he year 2010 is largely irrelevant to the case as it pertains to wages." *Id.* at 11. Third, Employer maintains

---

[5] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether findings of fact are supported by substantial evidence. *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

5

that "there was no evidence in the records regarding Decedent's wages," and, consequently, the WCJ "did not make findings of fact regarding Decedent's average weekly wage or the rate at which [Employer] was to pay death benefits." *Id.* at 8. In the latter regard, Employer asserts that "the lack of a specific ordered benefit rate or [AWW] rendered the WCJ's [o]rder useless" and states that it has no obligation "to correct a WCJ's flawed decision" or that it "pay benefits on an [o]rder that does not specifically enumerate an [AWW] or benefit rate." *Id.* at 11. We disagree.

Initially, we recognize that

> [p]ursuant to [s]ection 435 of the Act, 77 P.S. §991(d)[6], a WCJ is authorized to impose penalties for violations of the Act. The assessment of penalties, as well as the amount of penalties imposed, is discretionary, and absent an abuse of discretion by the WCJ, this Court will not overturn a penalty on appeal. An abuse of discretion is not merely an error of judgment but occurs, *inter alia,* when the law is misapplied in reaching a conclusion.

*Westinghouse Electric Corporation v. Workers' Compensation Appeal Board (Weaver)*, 823 A.2d 209, 213-14 (Pa. Cmwlth. 2003) (citations omitted).

---

[6] Section 435(d) of the Act addresses penalties and provides, in pertinent part, that:

> (d) The department, the [B]oard, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

> (i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. §991(d)(i), added by the Act of February 8, 1972, P.L. 25, *as amended.*

6

It is well-settled that where an employer fails to commence payment of compensation in accordance with a WCJ's order, the failure to make payment constitutes a violation of the Act and the employer is subject to the imposition of penalties. *See, e.g.*, *Varkey v. Workers' Compensation Appeal Board (Cardone Industries)*, 827 A.2d 1267, 1275 (Pa. Cmwlth. 2003); *Thomas v. Workers' Compensation Appeal Board (Delaware County)*, 746 A.2d 1202, 1204 (Pa. Cmwlth. 2000). Section 428 of the Act, 77 P.S. §921,[7] essentially states that an employer violates the Act if it fails to make payments within 30 days of the date on which its obligation to pay arises. Further, section 430(b) of the Act specifically cautions that "[a]ny insurer or employer who . . . refuses to make any payment provided for in the [WCJ's] decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in [s]ection 435 . . . ." 77 P.S. §971(b). "Indeed, only a grant of supersedeas relieves an employer of an obligation to pay." *CMR Construction v. Workers' Compensation Appeal Board (Begley)*, 165 A.3d 69, 73 (Pa. Cmwlth. 2017).[8] Previously, this Court has "held that [an] employer was obligated to

---

[7] Added by the Act of June 2, 1915, P.L. 736, *as amended*.

[8] Notably, the Act does not give an employer the right of self-help, *i.e.*, the right to ignore the requirements of the Act and unilaterally refuse to pay benefits without following the prescribed statutory remedies and obtaining supersedeas. *See City of Philadelphia v. Workers' Compensation Appeal Board (Sherlock)*, 934 A.2d 156, 160 n.9 (Pa. Cmwlth. 2007). In prior cases, we have upheld the imposition of a penalty where an employer did not pay compensation because it was actively contesting a claimant's disability and, also, where an employer unilaterally discontinued paying benefits and eventually received a successful ruling on the merits in subsequent litigation and/or an appeal. *See North Pittsburgh Drywall Co. v. Workers' Compensation Appeal Board (Owen)*, 59 A.3d 30, 43 (Pa. Cmwlth. 2013); *Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.)*, 713 A.2d 182, 185-87 (Pa. Cmwlth. 1998); *Spangler v. Workmen's Compensation Appeal Board (Ford)*, 602 A.2d 446, 448 (Pa. Cmwlth. 1992). In sum, these factual situations "do[] not alter [an employer's] obligation to pay indemnity benefits during the pendency of the litigation or excuse its non-payment of benefits during the litigation period." *North Pittsburgh Drywall Co.*, 59 A.3d at 43. Further, "it is well-settled that only the grant of a supersedeas will obviate an employer's obligation to pay **(Footnote continued on next page…)**

7

pay the claimant disability benefits once its request for supersedeas was denied, that a violation of the Act occurred when the employer did not begin paying claimant's benefits, and that the employer's subsequent four-month delay in making such payments justified the WCJ's award of a 50% penalty." *Id.* (discussing *Indiana Floral Co. v. Workers' Compensation Appeal Board (Brown)*, 793 A.2d 984, 991 (Pa. Cmwlth. 2002)).

In *Graphic Packaging, Inc. v. Workers' Compensation Appeal Board (Zink)*, 929 A.2d 695 (Pa. Cmwlth. 2007), the claimant filed a claim petition, which the WCJ denied and, thereafter, the Board affirmed. On appeal to this Court, we reversed, concluding that the claimant was entitled to benefits as a matter of law. Specifically, we remanded to the WCJ "for an appropriate award." *Id.* at 697. The employer then appealed to the Supreme Court (but did not request supersedeas), the Supreme Court denied review, and the matter was remanded to the WCJ pursuant to our directive. On remand to the WCJ, the claimant filed a penalty petition, alleging that the employer violated the Act by failing to timely pay the claimant as directed by our decision. The WCJ granted the petition, and the employer filed an appeal to this Court. The employer argued that the WCJ erred and abused his discretion in imposing a penalty because we "did not *expressly* direct [it] to pay an amount certain to [the claimant], but rather remanded the matter to a WCJ for an appropriate award," and, therefore, "our order . . . imposed no obligation upon [the employer] to pay Claimant *any* benefits under the Act." *Id.* at 698 (emphasis in original). This Court rejected the employer's argument that it had no obligation to pay benefits, reasoning as follows:

---

compensation and that, absent a supersedeas, the employer carries the burden of paying workers' compensation benefits during the litigation period." *Graphic Packaging, Inc. v. Workers' Compensation Appeal Board (Zink)*, 929 A.2d 695, 700 (Pa. Cmwlth. 2007).

Accepting [the employer's] argument that our [C]ourt's order triggers no legal obligation renders the supersedeas provisions of the Act meaningless. If our orders do not impose an obligation on an employer to pay benefits unless the order expressly directs the employer to pay an amount certain[,] then employers who prevail before the WCJ and [the Board], but who lose before this [C]ourt, no longer must request and receive a supersedeas to relieve themselves of the obligation to pay benefits while appealing to our [S]upreme [C]ourt. Rather, the employer could merely petition for an appeal to the [S]upreme [C]ourt, thereby delaying the remand of the matter to the WCJ for the "award," without paying the claimant benefits to which the claimant is entitled and without incurring any risk that penalties will be imposed for nonpayment. Such a result requires claimants to bear the burden of not receiving benefits during the litigation process and runs counter to the previously stated principle that, absent a grant of supersedeas, it is the employer's burden to pay compensation benefits throughout the litigation period. . . .

Here, [the employer] made no payments to [the claimant] until seventeen months after its obligation to do so was settled by our order . . . . Thus, we agree with the [Board] that the WCJ did not err in finding that [the employer's] conduct violated the Act. Accordingly, the WCJ was free to impose a penalty based on a percentage of [the claimant's] compensation award as a sanction.

*Id.* at 700-01 (internal citations omitted).

Applying the above case law, we agree with the Board that the WCJ did not abuse her discretion in imposing a 50% penalty for Employer's significant delay in tendering payments for indemnity benefits to Claimant after the Board denied supersedeas. Although Employer advanced arguments, in the form of evidence, in an attempt to excuse or otherwise downplay its noncompliance with the WCJ's order, the WCJ dismissed these contentions as not credible. It is beyond cavil that "the WCJ is the ultimate factfinder and has exclusive province over questions of credibility and evidentiary weight." *Dixon v. Workers' Compensation Appeal Board (Medrad, Inc.)*,

134 A.3d 518, 524 (Pa. Cmwlth. 2016) (internal citations omitted). "A court may overturn a credibility determination only if it is arbitrary and capricious or so fundamentally dependent on a misapprehension of facts, or so otherwise flawed, as to render it irrational." *Verizon Pennsylvania, Inc. v. Workers' Compensation Appeal Board (Mills)*, 116 A.3d 1157, 1162 (Pa. Cmwlth. 2015) (internal citations and quotation marks omitted). Like the Board, this Court cannot discern a legal ground upon which to disturb the WCJ's assessment and rejection of Employer's proffered excuses.

Moreover, and perhaps more importantly, given our decision in *Graphic Packaging, Inc.*, we cannot conclude that the WCJ erred as a matter of law in finding that Employer violated the Act and ordering Employer to pay a penalty. Although the employer in *Graphic Packaging, Inc.* introduced the claimant's statement of wages into evidence at the initial hearing before the WCJ, while Employer here did not, this is a fact without a legal difference. As both the WCJ and the Board recognized, Employer was (and presumably continues to be) in possession of records that not only pertain to—but also serve as a sufficient basis to verify—Claimant's actual wages and AWW. Employer does not assert that it did not have access to such information. Therefore, as in *Graphic Packaging, Inc.*, we conclude that Employer failed to pay Claimant indemnity benefits in a timely fashion, and, consequently, the Board did not err in affirming the WCJ's imposition of a penalty upon Employer.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia,           :
            Petitioner      :
                                       :    No. 217 C.D. 2020
       v.                      :
                                         :
Workers' Compensation Appeal   :
Board (Thompson),            :
            Respondent   :

## ***ORDER***

AND NOW, this 26th day of May, 2021, the January 29, 2020 order of the Workers' Compensation Appeal Board is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge