<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Save A Lot,                                          :
                       Petitioner                    :
                                                     :
            v.                                       :
                                                     :
Sonia Morales (Workers'                              :
Compensation Appeal Board),                          :      No. 1363 C.D. 2024
                       Respondent                    :      Submitted:  February 3, 2026


BEFORE:     HONORABLE ANNE E. COVEY, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COVEY                                          FILED:  March 12, 2026


Save A Lot (Employer) petitions this Court for review of the Workers'
Compensation (WC) Appeal Board's (Board) September 17, 2024 order affirming
WC Judge (WCJ) William Bendon's (WCJ Bendon) decision that: (1) granted Sonia
Morales's (Claimant) petition for penalties (Penalty Petition) under Section 435 of
the WC Act (Act);[1] and (2) awarded attorney's fees against Employer pursuant to
Section 435(d) of the Act[2] for its failure to pay Claimant's work-related medical
expenses.  Employer presents one issue for this Court's review: whether the Board
erred by affirming WCJ Bendon's award of a penalty and unreasonable contest
attorney's fees when the matter should have been resolved through the Act's fee

---

[1] Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L.
25, *as amended*, 77 P.S. § 991.

[2] 77 P.S. § 991(d).

review process under Section 306(f.1)(5) of the Act.[3]   After review, this Court affirms.

On August 1, 2021, Claimant sustained a work-related injury while working for Employer, for which she received WC benefits.  On June 1, 2022, WCJ Sandra Craig (WCJ Craig) approved a Compromise and Release Agreement (C&R) that resolved all wage loss claims and stipulated that Employer would remain liable for reasonable and necessary medical expenses causally related to the accepted work injury through May 30, 2022.  *See* Reproduced Record (R.R.) at 1a-10a.

On December 6, 2022, Claimant filed the Penalty Petition, therein alleging that Employer violated the Act by failing to timely pay some of the medical bills related to Claimant's work injury, and seeking penalties under Section 435 of the Act and unreasonable contest attorney's fees under Section 440(d) of the Act. On December 8, 2022, Employer filed an answer denying Claimant's allegations.

WCJ Bendon conducted hearings on January 10, March 14, May 9, August 15, and October 24, 2023, at which Claimant offered, and WCJ Bendon admitted into evidence, a fee agreement, *see* R.R. at 11a-13a; WCJ Craig's C&R decision, *see* R.R. at 1a-10a; a medical bill exhibit reflecting unpaid invoices from Alikai Health and Huaguang David Qu, M.D. (Dr. Qu), *see* R.R. at 15a-37a; and an updated medical packet reflecting unpaid bills from Dr. Qu in the amount of $2,325.00 for treatments on December 3, 2021 ($275.00) and May 2, 2022 ($2,050.00),[4] together with remittance statements.  *See* R.R. at 44a, 46a.  Employer

---

[3] 77 P.S. § 531(5).

[4] When Claimant commenced this litigation, the outstanding claims were for $6,365.00 in outstanding fees owed to Dr. Qu, and $3,882.58 in outstanding fees owed to Alikai Health.  *See* R.R. at 15a-38a.  However, at the May 9, 2023 hearing, the parties represented that the outstanding bills, at that point, consisted only of $2,325.00 owed to Dr. Qu.  *See* R.R. at 39a-60a, 77a-80a, 98a.

did not submit any evidence.[5]  Employer's counsel represented at the March 14, 2023 hearing:

> [T]he adjusters did make some payments. . . .  "[I]t's turned into [] a dispute over the amount that's been paid. . . . I'm seeing an adjustment made to each and every one of the bills, not necessarily a denial . . . or a failure to pay.  So, I think some of these may be more right for a fee review.

R.R. at 68a.

> In his decision issued on January 18, 2024, WCJ Bendon found:
>
> 4. [WCJ Bendon], having reviewed the evidentiary record, finds that the evidence presented by [] Claimant is true and accurate.  In arriving at this finding, [WCJ Bendon] has considered the inherent reliability of billing records from both providers and insurance carriers required to effectively run their businesses.  Further, Employer presented no evidence contradicting the information in Claimant's evidence.
>
> 5. [WCJ Bendon] finds that Dr. Qu's medical bills were appropriately provided to [] Employer for payment.  Dr. Qu's bills were for treatment dates of December 3, 2021 (sent to Employer on February 27, 2022), February 11, 2022 (sent to Employer on February 27, 2022), March 4, 2022 (sent to Employer on April 7, 2022)[,] and May 2, 2022 (sent to Employer on May 30, 2022).  For the bills for February 11, 2022 and March 4, 2022, checks were issue[d] by [] Employer at the reduced rate on about December 21, 2022[,] and logged by Dr[.] Qu's biller on December 28, 2022.  It does not appear in the record that

---

[5] Employer's counsel represented at the May 9, 2023 hearing: "I have pleaded with the [insurance] carrier to have those paid . . . I do believe that they are probably payable.  [] I'm doing my best leading a horse to water impression."  R.R. at 77a.  At the October 24, 2023 hearing, Employer's counsel again declared: "I've advised my client to pay those bills pursuant to what we agreed to, and they have not been paid yet.  But I will advise them to continue to do that."  R.R. at 98a.

Dr. Qu's bills for December 11, 2021 [sic[6]] or May 2, 2022[,] have been paid.

WCJ Bendon's Dec. at 3 (R.R. at 106a); *see also* R.R. at 16a-19a, 20a-31a, 53a-54a, 59a.

Based on those findings, WCJ Bendon concluded:

Claimant has met [her] burden of proof in connection with her [Penalty] Petition . . . in part in that she presented substantial, competent[,] and credible evidence that Dr. Qu properly billed [] Employer for treatment provided to Claimant for her work injuries and that those bills have not been paid or were untimely paid. . . . This [WCJ] finds that given the substantial delay in the processing of the bills that were paid and the non-payment of the remainder of Dr. Qu's bills, a 50% penalty is warranted against those bills.

WCJ Bendon's Dec. at 4 (R.R. at 107a). WCJ Bendon further held that "Employer presented a reasonable contest." *Id*. Accordingly, WCJ Bendon granted the Penalty Petition and ordered Employer to pay: (1) Dr. Qu's unpaid invoices; (2) 50% of the amount of all Dr. Qu's bills, which are the subject of the Penalty Petition and paid by Employer, to Claimant as a penalty; (3) 20% of the penalties ordered to be paid herein, to Claimant's counsel as a fee; and (4) 10% statutory interest on all past due benefits ordered to be paid herein. *See* WCJ Dec. at 5 (R.R. at 108a).

Employer appealed to the Board, arguing that: (1) WCJ Bendon lacked jurisdiction because Dr. Qu failed to avail himself of the Act's fee review process; (2) Claimant failed to present evidence that she was aggrieved by Employer's non-payment; and (3) WCJ Bendon's decision was not reasoned. On September 17, 2024, the Board affirmed WCJ Bendon's decision, declaring that it allowed for

---

[6] WCJ Bendon erroneously referred to December **11**, 2021 as a treatment date for which Dr. Qu's bill was not paid. According to the record evidence, Claimant treated with Dr. Qu on December **3**, 2021 and February 11, March 4, and May 2, 2022. *See* R.R. at 16a-31a. The records reflect that Dr. Qu was not paid for Claimant's December **3**, 2021 and May 2, 2022 visits. *See* R.R. at 59a.

4

adequate appellate review and, thus, was a reasoned decision; Claimant was not required to show economic harm; and "[t]he fee review process is available to providers and does not limit or place any conditions on a claimant's right to pursue a penalty petition for late payment or failure to pay medical expenses. [*See*] *Hough* [*v. Workers' Comp. Appeal Bd. (AC&T Cos.)*, 928 A.2d 1173 (Pa. Cmwlth. 2007)]." Board Dec. at 5 (R.R. at 115a). Employer appealed to this Court.[7]

Employer argues that WCJ Bendon and the Board improperly awarded penalties and attorney's fees when the sole dispute involved the amount or timeliness of medical bill payment, which are subject to fee review pursuant to Section 306(f.1)(5) of the Act. Specifically, Employer asserts, as it did before the Board, that: (1) WCJ Bendon lacked jurisdiction because Dr. Qu failed to avail himself of the Act's fee review process; (2) Claimant failed to present evidence that she was aggrieved by Employer's non-payment; and (3) WCJ Bendon and the Board failed to provide a reasoned analysis distinguishing or harmonizing *Hough* with *Enterprise Rent-A-Car v. Workers' Compensation Appeal Board (Clabaugh)*, 934 A.2d 124 (Pa. Cmwlth. 2007), and *Elite Care, Rx, LLC v. Premiere Comp Solutions, LLC*, 296 A.3d 29 (Pa. Super. 2023), *aff'd*, 318 A.3d 760 (Pa. 2024),[8] which require this Court to reverse the Board's decision.

---

[7] "Jurisdiction relates [ ] to the competency of a court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs . . . ." *Stadium Casino RE, LLC v. Pa. Gaming Control Bd.*, . . . 318 A.3d 789, 800 ([Pa.] 2024). This Court's review of subject matter jurisdiction "presents a pure question of law, [and, thus,] our standard of review is *de novo*, and our scope of review is plenary." *Assouline v. Reynolds*, . . . 219 A.3d 1131, 1137 ([Pa.] 2019).

*Pioneer Constr. Co., Inc. v. Insight Pharm., LLC*, 338 A.3d 234, 244 n.16 (Pa. Cmwlth. 2025).

[8] An equally divided Pennsylvania Supreme Court affirmed *Elite Care*.

Initially,

Section 435 of the Act authorizes penalties against employers that violate the Act or its regulations. 77 P.S. § 991(d). To prevail on a penalty petition, a claimant bears the burden of showing an employer violated the Act. *DTE Energy Co., Inc. v. Workers' Comp. Appeal Bd. (Weatherby)*, 245 A.3d 413, 422 (Pa. Cmwlth. 2021). The WCJ has sound discretion over the imposition and amount of a penalty. *See Mclaughlin v. Workers' Comp. Appeal Bd. (St. Francis Country House)*, 808 A.2d 285, 288 (Pa. Cmwlth. 2002). [This Court] will not overturn such decisions absent an abuse of discretion.[9] *Id*.

*Day-Timers, Inc. v. Horton*, 344 A.3d 482, 485-86 (Pa. Cmwlth. 2025) (footnote omitted).

This Court has consistently held that "a claimant need not suffer economic harm before penalties may be imposed. Rather, penalties may be imposed to ensure compliance with the Act." *Hough*, 928 A.2d at 1179 (citation omitted); *see also Day-Timers, Inc.*, 344 A.3d at 486; *Palmer v. Workers' Comp. Appeal Bd. (City of Phila.)*, 850 A.2d 72 (Pa. Cmwlth. 2004). Moreover, because WCJ Bendon's decision clearly contains findings of fact, conclusions of law, and a rationale sufficient for this Court to undertake meaningful appellate review, the decision is reasoned. *See* Section 422(a) of the Act,[10] 77 P.S. § 834. Accordingly, the Board did not err in reaching those conclusions.

---

[9] "An abuse of discretion is not merely an error of judgment but occurs, *inter alia*, when the law is misapplied in reaching a conclusion." *CMR Constr. of Texas v. Workers' Comp. Appeal Bd. (Begly)*, 165 A.3d 69, 72 (Pa. Cmwlth. 2017) (quoting *Westinghouse Elec. Corp .v. Workers' Comp. Appeal Board (Weaver)*, 823 A.2d 209, 213-14 (Pa. Cmwlth. 2003)). "In other words, a WCJ's decision as to penalties will only be reversed where the WCJ has misapplied the law." *Begly*, 165 A.3d at 72.

[10] This Court has explained:

Section 422(a) of the Act requires, in relevant part, that all parties in a [WC] case are entitled to "a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole

Regarding Employer's jurisdictional argument, this Court has explained:

> Under Section 306(f.1) of the Act, an employer "shall" pay for reasonable medical services and medicines provided by physicians or other health care providers to a claimant for a compensable work injury, as and when needed. 77 P.S. § 531(1)(i). The Act shields a claimant from liability to a provider for the cost of treatment, and places the obligation on the employer, acting independently or through its insurer, to make timely payments to providers for such costs. [*See*] 77 P.S. § 531(5), (7). Unless an employer disputes the reasonableness or necessity of the treatment provided, all payments to providers are required to be made within 30 days of an employer's receipt of a provider's bill. [*See*] 77 P.S. § 531(5).

*Day-Timers, Inc.*, 344 A.3d at 486. In addition, this Court has ruled: "**Where an employer** fails to pay the bill in its entirety or **fails to timely pay the bill**, **the provider shall file an application for fee review**." *Id*. (emphasis added). Notwithstanding, "**the employer may be subject to penalties to the claimant for unreasonable delays in paying compensation**. *See* 77 P.S. § 991(d) (penalties);[11]

---

> which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached." 77 P.S. § 834. A WCJ's decision is "reasoned" if it "allows for adequate review by the [Board] without further elucidation and if it allows for adequate review by the appellate courts under applicable review standards. A reasoned decision is no more, and no less." *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, . . . 828 A.2d 1043, 1052 ([Pa.] 2003).

*City of Phila. v. Bell*, 335 A.3d 398, 403 (Pa. Cmwlth. 2025), *appeal denied*, (Pa. No. 149 EAL 2025, filed Oct. 28, 2025).

[11] Section 435(d) of the Act specifies, in relevant part:

> The [D]epartment [of Labor and Industry], the [B]oard, or any court which may hear any proceedings brought under this [A]ct shall have the power to impose penalties as provided herein for violations of

[*see also* Section 127.210 of the Medical Cost Containment Regulations,] 34 Pa. Code § 127.210 (interest on untimely payments)." *Id*. (emphasis added).

The *Day-Timers, Inc.* Court explicated:

> In *Hough* . . . , this Court addressed a WCJ's imposition of a penalty against an employer that failed to timely reimburse a provider for medical bills. In *Hough*, a claimant suffered a work injury for which she obtained medications through her provider, and the employer failed to timely reimburse the provider for the claimant's medications. [*See id*.] at 1176. Rather than request a fee review, the provider reached out to the claimant's counsel seeking assistance in obtaining reimbursement for the claimant's prescriptions. [*See i*]d. The claimant filed a penalty petition alleging the employer failed to timely pay for the prescriptions. [*See i*]d. The WCJ awarded a 50% penalty to the claimant, and the Board reversed concluding, in relevant part, that the WCJ lacked jurisdiction to determine the underlying payment dispute because the provider's remedy for late payments should have been with the fee review process. [*See i*]d. The claimant appealed to this Court. *Id*. This Court noted "penalties may be imposed to secure compliance with the Act," and "Section 306(f.1) [of the Act] requires payment of medical bills within 30 days." *Id*. at 1180. Additionally, this Court indicated "an excessive or unreasonable delay in the payment of compensation rises to a violation of the Act supporting a penalty award." *Id*. Moreover, this Court stated, "it is within a WCJ's discretion to award a penalty based on failure to timely pay medical bills." *Id*. at 1181. . . . Accordingly, this Court

---

the provisions of this [A]ct or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding [10%] of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to [50%] in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. § 991(d)(i).

reversed the Board and reinstated the WCJ's penalty award. [*See i*]d.

*Day-Timers, Inc.*, 344 A.3d at 486.

The *Day-Timers, Inc.* Court expounded:

Section 435 of the Act authorizes a WCJ to impose penalties for violations of the Act. Section 306(f.1) of the Act required [the e]mployer to pay the amounts due to [the p]rovider. [The e]mployer failed to pay the amounts due to [the p]rovider, and, therefore, violated the Act. [This Court] cannot agree with [the e]mployer that having [c]laimants file penalty petitions . . . to address these disputes is inappropriate and outside the intended scope of the fee review process. . . . As [this Court] explained in *Hough*:

Section 306(f.1)(5)[ of the Act], governing fee review, controls. . . . [T]he fee review provision does not expressly bind all parties to the described procedures. Rather, the fee review provision only addresses employers or insurers and providers. The fee review provision does not mention employees or claimants at all. Therefore, there is no language in the fee review provision which affects rights of employees provided elsewhere in the Act. More particularly, **there is no language in the fee review provision which limits or conditions an employee's right to pursue a penalty petition under Section 435 of the Act as a result of a late payment of medical bills**.

*Hough*, 928 A.2d at 1179.

*Day-Timers, Inc.*, 344 A.3d at 486-87 (emphasis added; quotation marks omitted); *see also Rodriguez v. Workers' Comp. Appeal Bd.* (Pa. Cmwlth. No. 869 C.D. 2019, filed Jan. 6, 2021).[12]

---

[12] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a). *Rodriguez* is cited herein for its persuasive value.

Although the *Enterprise Rent-A-Car* Court deemed *Enterprise Rent-A-Car* distinguishable from *Hough* because *Enterprise Rent-A-Car* involved a dispute over the *amount* due to the provider from the employer and *Hough* involved a dispute as to the *timeliness* of the employer's payment to the provider, the *Enterprise Rent-A-Car* Court nevertheless properly observed and reiterated the *Hough* Court's reasoning:[13]

> [F]ee review does not bind all parties to the described procedures. Rather, **the fee review provision only addresses[] employers, insurers, and providers**. . . . [T]he applicable provisions do not mention employees and/or claimants whatsoever. . . . [T]**here is no language in the fee review provision that limits an employee's right to pursue a penalty petition under Section 435 of the Act as a result of a late payment of medical bills**. . . . [T]he Act permits the imposition of penalties . . . to secure compliance with the Act.

*Enterprise Rent-A-Car*, 934 A.2d at 129 (emphasis added; citation omitted).

Here, based on this Court's review, the remittance statements for Dr. Qu's December 3, 2021 and May 2, 2022 unpaid invoices specified: "CLAIM[S] NOT ELIGIBLE FOR MEDICAL PAYMENTS[,]" and, thus, represent Employer's denial. R.R. at 44a, 46a. However, the remittance statements for Claimant's February 11 and March 4, 2022 visits to Dr. Qu initially contained the same denials for identical treatments,[14] and Employer eventually issued adjusted payments that Dr. Qu did not

---

[13] This Court is not bound by Pennsylvania Superior Court (Superior Court) decisions. *See Young v. City of Scranton*, 291 A.3d 1245 (Pa. Cmwlth. 2023). Although Superior Court decisions may offer persuasive value when addressing analogous issues before this Court, *see id.*, because *Elite Care* involved a *provider's* rights under a penalty petition as opposed to a *claimant's* rights, *Elite Care* is not analogous and, thus, lacks even persuasive value here.

[14] Claimant's treatments on February 11, 2022 and May 2, 2022 consisted of: 99214 - outpatient office visit 30-39 minutes ($250.00), J3490 - UNCLASSIFIED DRUGS ($800.00), 64483 - NJX AA&/STRD TFRML EPI LUMBAR/SACRAL 1 LEVEL ($500.00), and 64484 - NJX AA&/STRD TFRML EPI LUMBAR/SACRAL EA ADDL. *See* R.R. at 47a-48a. With the exception that the March 4, 2022 visit was shorter (20-29 minutes) and, thus, charged $190.00 at a lower rate at treatment code

10

dispute. *See* R.R. at 40a-45a, 48a, 53a-59a. Consistent with *Hough*, because Employer did not seek utilization review and failed to timely pay the amounts due to Dr. Qu under the C&R for Claimant's December 3, 2021 and May 2, 2022 visits, it violated the Act, and WCJ Bendon had jurisdiction to grant the Penalty Petition related thereto. Accordingly, the Board properly affirmed WCJ Bendon's award of a penalty and attorney's fees.[15]

Based on the foregoing, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

99213, the other three treatment codes and charges were identical to May 2, 2022. *See* R.R. at 40a. Claimant's December 3, 2021 treatment with Dr. Qu differed from the other three in that it was a new patient visit ($275.00). *See* R.R. at 49a.

[15] Employer does not dispute the penalty or attorney's fee award amounts.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Save A Lot,                        :

            Petitioner          :

                           :

         v.                  :

                           :

Sonia Morales (Workers'        :

Compensation Appeal Board),   :     No. 1363 C.D. 2024

            Respondent    :

## O R D E R

AND NOW, this 12th day of March, 2026, the Workers' Compensation Appeal Board's September 17, 2024 order is affirmed.

_____

ANNE E. COVEY, Judge